CATHERINE H. ATHERTON

*vs.*

BRITISH AMERICA ASSURANCE COMPANY.

Androscoggin.   Opinion January 25, 1898.

*Insurance.   Ownership.   Increase of Risk.   Fraud.   R. S., c. 49, § 20.*

A policy of insurance contained a provision that it should be void if the subject
of insurance be a building on ground not owned by the insured in fee simple.

But the statute provides that erroneous descriptions of value or title by the
insured shall not prevent a recovery upon the policy unless the jury find that
the difference between the property as described and as it really existed
contributed to the loss, or materially increased the risk; and that a breach of
any of the terms of the policy by the insured do not affect the policy unless
they "materially increase the risk."

In a suit upon the policy the question of enhanced risk is properly one for the
jury rather than the court.

Fraud and false swearing imply something more than some mistake of fact,
or honest misstatements on the part of the insured.

They consist in knowingly and intentionally stating upon oath what is not true,
or the statement of a fact as true which the party does not know to be true,
and which he has no reasonable ground for believing to be true.

ON MOTION BY DEFENDANT.

The case appears in the opinion.

*Tascus Atwood,* for plaintiff.

*H. W. Oakes,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT,
JJ.   SAVAGE, J., having been of counsel, did not sit.

FOSTER, J.   Action upon a policy of insurance against fire upon
the plaintiff's one-story frame building and addition, a soda foun-
tain and appurtenances thereto, and upon her stock in trade, con-
sisting of tobacco, cigars, fruit, confectionery, etc.

The verdict was for $291.85, and the case comes before the
court on a motion to set the verdict aside, and four grounds are
urged in support of the motion.

First.   That contrary to the conditions of the policy, the building insured was on ground not owned by the plaintiff.

Second.   That fireworks were kept upon the premises.

Third.   That the plaintiff was guilty of fraud and false swearing.

Fourth.   That the fire was caused by the direction and procurement of the plaintiff.

It is true that the policy provides that it shall be void, if the subject of insurance be a building on ground not owned by the insured in fee simple.   In this case the building was on leased land and was not owned in fee simple by the plaintiff.

But the statute (R. S., c. 49, § 20,) provides that erroneous descriptions of value or title by the insured shall not prevent a recovery upon the policy unless the jury find that the difference between the property as described and as it really existed contributed to the loss, or materially increased the risk; and that a breach of any of the terms of the policy by the insured do not affect the policy unless they " materially increase the risk."

In a suit upon the policy the question of enhanced risk is properly one for the jury rather than the court.   *Sweat* v. *Insurance Co.*, 79 Maine, 109; *Gilman* v. *Insurance Co.*, 81 Maine, 488, 496; *Bellatty* v. *Insurance Co.*, 61 Maine, 414; *Rice* v. *Tower*, 1 Gray, 426, 430.   In reference to the keeping of fireworks upon the premises, the evidence discloses that only a small amount was kept in a zinc lined ice-chest.   The testimony was sufficient, we think, in warranting the jury in coming to the conclusion that the defendant failed in its burden of showing that this fact materially increased the risk.

Whether the plaintiff was guilty of fraud and false swearing was also a question addressed to the judgment of the jury, and by their verdict they have negatived that fact.

Fraud and false swearing imply something more than some mistake of fact or honest misstatements on the part of the assured. They consist in knowingly and intentionally stating upon oath what is not true, or the statement of a fact as true which the party does not know to be true, and which he has no reasonable ground for

believing to be true.  *Linscott* v. *Insurance Co.*, 88 Maine, 497;
*Dolloff* v. *Insurance Co.*, 82 Maine, 266; *Claflin* v. *Insurance Co.*,
110 U. S., 81.

Nor do we think the verdict should be disturbed upon the
ground, as claimed in defense, that the plaintiff procured the fire
to be set.

The evidence was conflicting upon this point,—and that relied
upon by the defense came from two boys who certify that they
set fire to the building, claiming they were hired to do so by the
plaintiff.  Both are confessed criminals.  Their history is anything
but good.  One admits that at a previous trial he lied under oath.
Their testimony is contradictory, inherently vicious, and if believed
would show that the plaintiff hired two boys to burn a building,
one of whom was a stranger to her, and that although she would
want great care exercised, she proceeded to give them each three
drinks of whiskey, and left more for them.  It is hard to believe
that an intelligent jury could be justified in crediting such a story
coming from such a source.  The jury saw not only the plaintiff
upon the stand, but also the two boys, and heard their story.  They
repudiated the testimony of the boys, and gave credence to that of
the plaintiff.  The truth or falsity of the charge set up in defense
was peculiarly for the consideration of the jury.  We do not think
their verdict should be disturbed.

*Motion overruled.*