RAYMOND S. OAKES, Trustee

*vs.*

PINE TREE STATE MUTUAL FIRE INSURANCE COMPANY.

Cumberland.    Opinion June 3, 1914.

*Arbitration.   Insurance.   Letter.   Nonsuit.   Waiver.*

In this case there was no reference of the amount of the loss to three disinterested men, as provided in the policy. The following letter from the President of the defendant company was received by the plaintiff and introduced in evidence.

"Hallowell, Maine, Feb. 15, 1913.

RAYMOND S. OAKES, Esq.,
     Portland, Maine.
DEAR SIR;—Yours re claim E. U. Archibald at hand.
    This Company deny all liability and have not done anything about it.
                Yours truly,
                     (Sig.)    JAMES T. COLLINS
                             Pres."

*Held:*

1. A distinct denial of all liability by the insurance company is equivalent to a declaration that it will not pay if the amount of the loss should be determined.

2. The law will not require the useless and expensive formality of an arbitration, when the insurer, for whose benefit it was provided, has rendered it superfluous.

3. The letter in the case was an unqualified denial by the insurance company of all liability in respect to the Archibald claim that had been made against it for loss under its policy.

4. The letter was at least prima facie evidence of a waiver by the insurance company of the provision in the policy for arbitration.

On exceptions by plaintiff.    Exceptions sustained.

This was an action of assumpsit brought by the plaintiff, Trustee in bankruptcy of the estate of E. U. Archibald, to recover the sum of one thousand dollars, the amount of a policy of fire insurance issued by the defendant company on certain buildings owned by

said Archibald, in West Poland, Maine, which were totally destroyed by fire on the 4th day of December, 1911. There was no reference of the amount of the loss.

At the conclusion of the evidence introduced by the plaintiff, the Judge of the Superior Court for Cumberland County, before whom the case was tried, ordered a nonsuit, and the plaintiff excepted and his exceptions were allowed.

The case is stated in the opinion.

*Charles G. Keene,* for plaintiff.

*Melvin H. Simmons,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

KING, J. The action is to recover the amount of a policy of fire insurance issued by the defendant, the premises insured having been totally destroyed by fire December 4, 1911. The policy was of the Maine Standard Form containing the following provisions:

"In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss."

The plaintiff introduced, by agreement and without objection, as part of his case, a letter from the president of the defendant company to the plaintiff's attorney, admittedly sent and received prior to the commencement of the action, containing the following statement: "Yours re claim of E. U. Archibald at hand. This company deny all liability and have not done anything about it."

At the close of the plaintiff's evidence counsel for the defendant moved for a nonsuit on the ground that the plaintiff had failed to show any reference to arbitration as required by the policy. Plaintiff admitted that no such reference was had but claimed that the defendant had waived it and that the letter from the defendant

denying all liability was the evidence of such waiver. Thereupon the court ruled as a matter of law that said letter did not constitute a waiver by said defendant company of such reference and ordered a nonsuit. The case is before the court on the plaintiff's exceptions to that ruling.

In Sec. 5, Chap. 49, R. S., it is provided that if the insurance company shall not within ten days after written request to appoint referees under the provision for arbitration in the policy, name three men from whom the insured may select one, or shall not within ten days after receiving the names of three selected by the insured make known to him its choice of one of those to act as one of the referees "it shall be deemed to have waived the right to an arbitration under such policy and be liable to suit thereunder."

In support of the ruling the defendant contends that the statute has specified what constitutes a waiver by the insurance company, and that, at least in the absence of proof of an express waiver, no other waiver by the company can be shown. The contention is not tenable. That statutory provision was not intended we think to specify the only mode by which the insurance company could waive the arbitration provision, but its manifest purpose was to provide a necessary and effective means to prevent the company, by non-action on its part in selecting the referees, from depriving the insured of his right of action under the policy, It declared that certain non-action on the part of the company should be "deemed" a waiver of the right to arbitration, but it did not declare that the waiver of that right mentioned in the policy should be limited to that particular non-action. The company may waive the right in other ways, and such waiver may be inferred from the conduct of its agents and representatives. *Lamson, &c., Co.* v. *Prudential Fire Ins. Co.*, 171 Mass., 433, 436, and cases cited.

It seems to be settled by a controlling weight of authority that an unqualified denial by the insurance company of all liability under the policy renders inoperative a provision therein for an arbitration as to the amount of the loss as a condition precedent to a right of action to recover such loss. *Wainer* v. *Milford Mu. Fire Ins. Co.*, 153 Mass., 335-338; *Lamson, &c., Co.* v. *Prudential Fire Ins. Co.*, 171 Mass., 433, 436; *Yendel* v. *Assurance Company*, 47 N. Y., Supp. 141; *Hamberg* v. *St. Paul F. & M. Ins. Co.*, 68 Minn., 335, 71 N. W., 388; *Moore* v. *Sun Ins. Office*, 100 Minn., 374; *Siegle* v. *Badger Lumber Co.*,

106 Mo. App., 106, 110; *Phoenix Ins. Co.* v. *Stocks,* 149 Ill., 334; *Farnum* v. *Phoenix Ins. Co.,* 83 Cal., 246; *Hickerson* v. *German-American Ins. Co.,* 96 Tenn., 193, 32 L. A. R., 172; *Home F. Ins. Co.* v. *Kennedy,* 47 Neb., 138, 53 Am. St. Rep., 521; 19 Cyc., 882 and cases cited; *Cash* v. *Concordia Fire Ins. Co.,* (Minn.) 126 N. W., 524; May on Ins., vol. 2, page 1178, Sec. 496 B; Biddle on Ins., Sec. 1175.

A distinct denial of all liability by the insurance company is equivalent to a declaration that it will not pay if the amount of the loss should be determined; and the law will not require the useless and expensive formality of an arbitration when the insurer, for whose benefit it was provided, has rendered it superfluous.

The letter in the case at bar was an unqualified denial by the insurance company of "all liability" in respect to the Archibald claim that had been made against it for loss under its policy. This was not a failure to agree as to the amount of the loss, but an unequivocal denial of all liability, leaving no basis for an arbitration. The letter was at least prima facie evidence of a waiver by the insurance company of the provision in the policy for arbitration, and in the opinion of the court the exceptions must be sustained.

*Exceptions sustained.*