HARRY B. BRADBURY

*vs.*

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA.

Knox.　　Opinion November 27, 1920.

*A clause in a fire insurance policy declaring the policy void, in the event of the existence of other insurance on the property, or the placing of a subsequent policy on the same property, without the assent of the company in writing or in print, is waived, if the agent of the company who placed the insurance, had knowledge that other insurance was on the property, or had knowledge that subsequent insurance was put on the property.　The act of the agent is the act of the company, and his waiver is its waiver.　R. S., Chap. 53, Sec. 119.*

On October 9, 1917, a policy of fire insurance in the defendant company was issued to the plaintiff by one Moran, its agent.　The policy provided that it would be void if the insured then had or should thereafter make any other insurance on the same property without the written assent of the company.

On October 11, 1917, a policy in the American Eagle Insurance Company covering the same property was issued to the plaintiff by the same Moran who was agent for both companies and whose indorsement both policies bore.　No written assent to the subsequent insurance was given by the defendant.

*Held:*

1.　That under R. S., Chap. 53, Sec. 119, the agent is to be regarded as in the place of the company in all respects regarding any insurance effected by him, and the company is bound by his knowledge of the risk and of all matters connected therewith.

2.　That as this agent had actual knowledge of the placing of the subsequent insurance on the property, having issued both policies, his knowledge was the knowledge of the defendant company, his silence was its silence, and his waiver of the policy conditions was its waiver.

3.　The ruling of the presiding Justice that judgment should be entered for the plaintiff, subject to a certain stipulation as to abiding the result of another suit, was without error.

On exceptions by defendant. This is an action on a fire insurance policy in the usual Maine standard form. Subsequent to the issuance of defendant's policy, other insurance in another company was put on the same property by the same agent. The policy issued by the defendant did not contain a written or printed permit for other insurance.

The defendant contended that its policy was void by reason of the fact that other insurance was subsequently placed on the property, without its assent thereto in writing or printing, in conformity with a clause in its policy. The agent of the defendant who placed its policy on the property, was also the agent of the other company whose policy he subsequently placed on the same property. The cause was heard by a single Justice without the intervention of a jury, upon an agreed statement as to certain facts with a certain stipulation as to abiding the result of another suit, with the right of exceptions to both parties, who ruled, as a matter of law, that judgment be entered for plaintiff, subject to the stipulation to abide, to which ruling defendant excepted. Exceptions overruled.

The case is fully stated in the opinion.

*M. A. Johnson, and A. S. Littlefield*, for plaintiff.

*W. H. Gulliver, and H. L. Withee*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J. The single point to be decided in this case is whether an existing and valid policy of fire insurance, providing that it shall be void if the assured shall thereafter make any other insurance on the property without the written assent of the company, is avoided by the issue of such subsequent policy, when the same person acts as agent for both companies and issues both policies.

The facts in the case are concisely these. The defendant's policy was issued to the plaintiff on October 9, 1917, by one Moran, its agent. This policy was in the usual Maine standard form and contained this provision: "This policy shall be void if . . . . the insured now has or shall hereafter make any other insurance on the same property without the assent in writing or in print of the company." Two days later, on October 11, 1917, the plaintiff procured from The American Eagle Insurance Company another policy on the same property, through this same Moran who was the agent of both

companies and whose indorsement both policies bear.   It is admitted that the plaintiff never procured the defendant's assent in writing or print to such new insurance but that Moran when the defendant's policy was issued had actual knowledge of the existence of other insurance on the property, and that must have included the defendant's policy in question.

This situation calls into action at once the provision of R. S., Chap. 53, Sec. 119, and the determination of the effect of that provision upon the rights of the parties.   This section provides among other things as follows:

"Such agents and the agents of all domestic companies shall be regarded as in the place of the company in all respects regarding any insurance effected by them.   The company is bound by their knowledge of the risk and of all matters connected therewith.   Omissions and misdescriptions known to the agent shall be regarded as known by the company and waived by it as if noted in the policy."

The force and scope of this statute have been declared and applied by this court in various decisions.   *Day* v. *Ins. Co.*, 81 Maine, 244; *Hilton* v. *Assur. Co.*, 92 Maine, 272; *Guptill* v. *Ins. Co.*, 109 Maine, 323; *Hughes* v. *Ins. Co.*, 117 Maine, 246.   In no case however have its purpose and effect been more clearly and forcibly stated than in *LeBlanc* v. *Standard Ins. Co.*, 114 Maine, 6, where the court say: "The language of this statute is most comprehensive and we think it was intended to be so.   The statute itself seems to place no limits. The simple purpose of the statute is that those seeking insurance and those afterwards holding policies may as safely deal with the agents, with whom they ordinarily transact their business, as if they were dealing with the companies themselves.   .   .   .   .   To the insured the agent is for all practical purposes the company. Good public policy then requires that the companies that appoint these agents and hold them out as their representatives shall be bound by what they do, and that if an agent acts without authority or in excess of authority, his principal should bear the consequences, rather than the insured who trusted him.   The statute was enacted to give effect to that policy.   Such has been the tenor of the decisions hitherto and such we think was the legislative intent.   The statute is best construed by interpreting it just as it reads.   The agent stands 'in the place of the company,' is the company, 'in all respects regarding any insurance effected by them'."

The case at bar falls fairly within this broad and just interpretation. Moran, when he issued the policy in the American Eagle Company, the "hereafter" policy, knew that only two days before he had given the plaintiff a policy in the Pennsylvania Company, the already existing policy, and yet he said nothing either to the insurer or the insured in regard to the matter and went forward with the issuance of the second policy. His knowledge was the knowledge of the Pennsylvania Company, his silence was its silence and his waiver was its waiver.

It has been decided in this State that notice of prior existing insurance given to the agent is notice to the company. *Bigelow* v. *Ins. Co.*, 94 Maine, 39. The defendant is obliged to concede this, but contends that notice of subsequent insurance, although the agent be the same in both instances, is not notice to the company. In other words, that on the date of the issuance of the American Eagle policy Moran's knowledge of the existing Pennsylvania Company insurance was the knowledge of the American Eagle Company and waived any defense on its part caused by prior insurance, yet his knowledge of the subsequent American Eagle policy was not the knowledge of the Pennsylvania Company and did not constitute a waiver of the provision as to subsequent insurance. We are unable to discover any substantial reason for this distinction. The statute makes the agent stand in the place of his company regarding "any insurance" effected by him, that is all insurance. If it applies to the knowledge of an existing policy of insurance when placing a subsequent policy, it should with equal force apply to the knowledge of the issuing of a subsequent policy while continuing as the agent of the company which has issued the existing policy. If it were not so, insurers who have confidence in agents, place all their risks in their hands, and commit to them all the details, would suffer from the very wrongs which this statute was designed to prevent.

The Massachusetts cases cited by the defendant have no application because they were not governed by a statute such as controls in the case at bar. The ruling of the presiding Justice that judgment should be entered for the plaintiff subject to a certain stipulation as to abiding the result of another suit, was correct, and the entry must be,

*Exceptions overruled.*