ALICE ELDRIDGE OAKES

*vs.*

FRANKLIN FIRE INSURANCE CO.
ATLAS ASSURANCE CO., Limited.
NATIONAL LIBERTY INSURANCE CO.
GRANITE STATE FIRE INSURANCE CO.

Hancock.    Opinion March 16, 1923.

*Under the Standard Policy of insurance in this State the award of referees goes to
the amount of damage only, and does not furnish a basis for action.   In the
event of suit, it must be on the policy, and if liability established, the award,
if valid, is conclusive as to damage.   In absence of fraud, the amount
actually due though less than the amount claimed in the account
annexed may be recovered.   An award to be conclusive must
be made by disinterested and impartial referees, after a
notice to the parties in interest and a full oppor-
tunity to be heard given.   To establish a
waiver it must be shown that the party
knew and appreciated his rights.*

Where loss or damage in case of fire is submitted to referees under the provisions
of the Standard Policy of insurance in this State, the award of the referees
does not furnish a basis for action.

In case suit is brought to recover the loss it must be on the policy.   The award,
if valid, may be offered as conclusive of the amount of the damage.

In an action under Sec. 38, Chap. 87, R. S., the statute does not require the
insured to set forth in his "account annexed" anything more than the amount
claimed as due both as principal sum and interest; and allege that he has
complied with all the conditions of his policy.   If the amount shown to be
due is less than the amount claimed in the "account annexed" it will not
prevent a recovery of the amount actually due, unless fraud is shown.

The provision in the Standard Policy for a reference to determine the amount
of the loss contemplates more than a mere appraisement or view, and requires
notice to both parties and an opportunity to be heard and present evidence.

While the referees may determine the nature and amount of evidence they will
hear, they may not arbitrarily exclude either party from participating in
the proceedings to determine the amount of the loss.

Even if either party has no other evidence other than his own to present, he is
entitled to be present and present his own views of the loss he has suffered.

The arbitrary exclusion, therefore, of the plaintiff by the referees from the proceedings to determine her loss was unwarranted and as a result the award of the referees was not valid and binding.

To constitute a waiver the party alleged to have waived must be shown to have known and appreciated what his rights were. The plaintiff in this case did not understand that her rights were being finally determined.

The purpose of the statute authorizing such reference will not be served if the proceedings are permitted to relapse into a mere arbitrary appraisal on view or from personal knowledge of the referees. If it is to result in an award which shall be conclusive on both parties in a court of law, full opportunity to be heard after notice to the parties must be given and by referees who are disinterested and impartial.

The defendants having refused to enter into another agreement of reference and indicated that they would not grant a further hearing under the agreement already entered into, the nonsuit should not have been granted.

On exceptions. These are five actions by the same plaintiff against five insurance companies on account annexed to recover upon five policies of insurance of standard form for a loss by fire on August 19, 1921, on a three-story, wooden, frame building in the village of Seal Harbor, Mount Desert. The general issue was pleaded and also a brief statement alleging fraudulent statements of overvaluation, and that the action must be upon the award of the referees. At the close of the plaintiff's evidence, a motion for a nonsuit was granted and plaintiff excepted. Exceptions sustained.

The case is fully stated in the opinion.

*Fellows & Fellows*, for plaintiff.

*Pattangall & Locke*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY, JJ.

WILSON, J. These several actions were tried together and involve with one exception the same questions. They were brought under Sec. 38, Chap. 87, R. S., to recover the amount due under certain policies of insurance issued by the several companies named as defendants.

The defendant in each suit pleaded the general issue and also in a brief statement set up the defenses that the plaintiff had made certain false and fraudulent statements of overvaluation in her written certificate of her loss following a fire, and that the amount of her loss had been submitted to a reference in accordance with

the provisions of her policy and of the statutes, and the amount of her loss having been determined by the referees, no action could be had against the defendant except upon the award of the referees.

At the close of the plaintiff's evidence, counsel for the defendant in each action moved for a nonsuit which was granted by the court, and the case comes to this court upon plaintiff's exception to this ruling.

At the trial of the cause at nisi prius the evidence offered related to the issue of whether any valid award had been made by the referees and the amount of the actual loss. In what respect the plaintiff had failed to make out her case the presiding Justice in ruling on the motion did not indicate, nor was he obliged to do so, but presumably it was upon this issue as to whether the evidence disclosed a valid, binding award.

The plaintiff, however, now contends that assuming there was an award by the referees that bound her as to the amount of her loss, she was at least entitled to recover the amount of the award or a proportionate amount of it in each case under her pleadings, and for that reason the nonsuit should not have been granted.

The defendants reply and say that not having raised this point when the motion for the nonsuit was being considered, she cannot now raise it before this court, that her pleadings will not permit a. recovery for the amount of the award, nor can a suit be maintained when once a valid award has been made by referees selected in accordance with the provisions of the Standard Policy authorized by the statutes of this State, except upon the award.

It is unnecessary from this court's view of the case to determine whether the plaintiff by not raising the question of her right to recover at least the amount of the award in the court below has waived her rights to rely upon that ground here. It would obviously be unfair to the presiding Justice, though no intentional advantage was taken. The point was undoubtedly inadvertently overlooked by all parties at the time, the only issue apparently raised by the evidence being the validity of the award.

However, the court may say in passing, that these are not cases where an action will lie on the award of the referees. The rights of the insured to recover the loss is not submitted to the referees, only the amount of the damage. *Dunton* v. *Ins. Co.*, 104 Maine, 372. Even in the event of a valid award, the right of the insured to recover

any amount may have to be determined in court and, if so, it must be done by an action upon the policy, in which the plaintiff must show, having established his right to recover, the amount of the loss, which he may do by offering the award of the referees as conclusively determining it. *Fisher* v. *Ins. Co.*, 95 Maine, 486, 491. *Soars* v. *Home Ins. Co.*, 140 Mass., 343.

Under Sec. 38, Chap. 87, R. S., an action of *indebitatus assumpsit* on an account annexed is authorized in all actions on insurance policies, with the additional allegation that the plaintiff has complied with all the conditions of the policy.

The statute does not require him to set forth anything more in his account annexed than "the amount claimed as due both as principal sum and as interest if any." Clearly we think the amount claimed as due may be substantiated either by "proof" of actual loss or by a valid award of referees, and must be by the latter, unless arbitration is refused or waived by the insurer. The plaintiff is not required to prove the full sum claimed as due in his account annexed in order to recover. The statute expressly excuses him from this burden. "The fact that the amount claimed in the account annexed varies from the amount found to be due the plaintiff shall defeat the action, unless there be found to be a fraudulent claim of an excessive amount."

The words "principal sum" in the plaintiff's account annexed is not to be interpreted as an allegation that the face of the policy is claimed as due, but that such a sum is claimed to be due under the policy as principal in distinction from interest. Such is the language of the statute. Proof of a less sum due in accordance with a valid award of referees would entitle him to recover the amount of the award as the "principal sum" due.

However, upon the grounds that the defendants contend that the nonsuit was granted we think the exception must be sustained.

The Standard Policy of insurance against loss by fire as contained in Sec. 5, Chap. 53, R. S., provides that in case the parties cannot agree as to the amount of the damage, it shall be referred to three disinterested men chosen in the manner provided therein, whose award as to amount of the loss shall be conclusive and final.

This provision we construe to contemplate something more than a mere appraisement by the referees upon a view and such information as they see fit to obtain, and requires notice to the parties and an opportunity to present evidence and be heard. *Bradbury* v. *Ins. Co.*,

118 Maine, 191; *Second Soc.* v. *Royal Ins. Co.*, 221 Mass., 518. **The**
Legislature, having made the result of such reference conclusive
and binding on the parties, must have intended that the parties
should have the right to be present at all hearings and also to be
heard upon any matters pertaining to the amount of the loss.    As
the court said in the case last cited:    "This has been the universal
practice under general arbitrations."    And such was clearly the
understanding of the parties here.    In their written Agreement of
Reference it is provided that notice of every hearing is to be given to
each of the parties.    It would be a useless requirement that the
parties shall be notified, if they have no right to be present and be
heard.

While an agreement of reference was entered into it appears to have
been signed only by the plaintiff and by one who describes himself
as Agent for the Franklin Fire Ins. Co.    It is objected that only one
of the defendants entered into the reference, viz.:  the Franklin Fire
Ins. Co.    It is not necessary to pass upon this question at the time.
The defendants did not put in their case.    Their evidence may show
that, while he described himself as agent of the Franklin Fire Ins.
Co., he was acting for all.    This question may well be left for deter-
mination upon another trial.

No notice of any hearing was given to either of the parties by the
referees.    The defendants apparently waived theirs; and if the
plaintiff had been permitted to be present during what the referees
termed in their award a hearing, was going on, and been heard, we
should consider this defect waived on her part.

Where rights are to be conclusively determined, those acting as
referees should see to it that the rights of all parties are fully protected.
As a rule the insured in this class of cases is not familiar with his
rights or the effect of such proceedings.

The action in this case of the referees, representing, under the
method of selection provided in the Standard Policy, the insurance
company or companies, in arbitrarily refusing to proceed with the
reference, unless the plaintiff left the building during their examina-
tions must be condemned as unwarranted and constituted a violation
of her right to be present and be heard upon such evidence as bore
upon the nature and amount of her loss, and to offer such evidence
as she might deem to be pertinent to that issue.

It may be admitted that the referees have the right to determine what kind of evidence they will receive and are not bound by the strict rules governing procedure in court, but that does not give them the right to arbitrarily exclude either party from participating in the proceedings to determine the loss. To exclude either of the parties and all testimony whatsoever may well be viewed as evidence of such bias and prejudice on the part of a referee insisting upon it, as to alone invalidate an award.

The plaintiff in this case testified without contradiction that she went with the referees to the third floor of the building to examine its condition, but soon it was apparent to her that she was not wanted. "If I went into one room they left and went into another." In response to this inquiry: "You tried to give them some information?" she replied: "I tried to give them some, but I found it wasn't wanted." She then went into what she termed her room. Her conclusion was soon confirmed. In a short time the referee, who may be said to have been selected by her, came in and said: 'Mrs. Oakes, you will have to leave the building. Mr. Hoxie (who was the referee selected by the insurance companies) says he cannot or will not do anything with you here." Whereupon she left and took no further part in the proceedings. This is all confirmed by the referee, Mr. Pettee, who conveyed to her the request or ultimatum of Mr. Hoxie.

It is suggested that by not protesting and insisting upon her right to be heard, she waived her rights. But to constitute a waiver of rights, the party alleged to have waived must know and appreciate what his rights are. *Hanscome* v. *Ins. Co.*, 90 Maine, 333; *Rosen* v. *Ins. Co.*, 106 Maine, 232. The plaintiff, as the evidence shows, did not understand that her rights were being finally determined. She says she understood only an estimate of the loss was being arrived at. She did seek to call the attention of the referees to certain elements of damage, while the view was going on, but was finally requested to leave the building, the reference proceeding to its close without her being permitted to be present. Of course, she might have insisted on remaining or requested to be heard later, but she was informed that the reference would not go on unless she left the building; and when the referees came out was informed of their award and that it was final. Any request on her part to remain or be heard later obviously would have been fruitless.

It is suggested that she admitted that she had no evidence to offer and therefore was not prejudiced by the action of the referees; but she was not even allowed to be present and present her own views as to her loss.   One of the referees who rebuilt or repaired the building testified at the trial that there were many elements of damage which were not discovered upon their view or taken into consideration in their award, hence it cannot be said that the plaintiff could not have been prejudiced by her exclusion.

Clearly we think upon the evidence before this court there was not the arbitration of her loss by three disinterested referees which the statute contemplates.   The proceedings described in the evidence was not arbitration at all, but an arbitrary determination of the loss suffered by the plaintiff without evidence of prior conditions,—a mere appraisement upon what appears to have been a somewhat superficial view and personal examination by the referees alone.

The purpose of this provision in the Standard Policy was to provide a speedy method of determining the loss by an impartial tribunal which might view the property, hear the parties, and without being hampered by the strict rules of court procedure, adjust the question most often in dispute between the parties, thus saving, perhaps, expensive litigation in the courts.

But the purpose of this statute will not be served if the proceedings on reference are permitted to relapse into a mere arbitrary appraisal on view or from personal knowledge of the referees.   If it is to result in an award which shall be conclusive on the parties in a court of law, full opportunity to be heard after notice must be granted both parties by referees who are disinterested and impartial.

Such opportunity was not given to the plaintiff in the proceedings had under the agreement of reference in these cases; and the defendants having indicated that they would neither agree upon a new reference or further hearing under the existing agreement, the case now stands before this court as though arbitration had been refused by the defendants and the plaintiff was entitled to recover such damages as she proved before the jury.

Entry must be:

*Exception sustained.*