GEORGE I. JEWETT

*vs.*

QUINCY MUTUAL FIRE INSURANCE COMPANY.

Penobscot.    Opinion March 24, 1926.

*In an action upon fire insurance policy to recover for loss of property, the require-ment of proof of loss is for the sole benefit of the insurer and, whether imposed by contract or statute, it may be waived in part or in whole by the company for whose benefit it is imposed.*

*When there is no express waiver, it is for the jury to determine whether, from the acts relied upon and proved, the inference could be properly drawn, either that there was an intention upon the part of the insurer to waive its right to have a proof of loss furnished by the insured, or that the denial of liability, for another cause, was of such a character or made under such circumstances as to reasonably induce a belief upon the part of the insured that the furnishing of a proof of loss would be a useless formality.*

In this case the denial of liability was not for failure to furnish proof of loss, but for another cause, namely, that the loss was occasioned by wind, which was not within the terms of the policy.   It has been very generally held that if an insurance company denies its liability upon other grounds, and thereby causes the insured to believe that a compliance with the condition to furnish proofs of loss would be unavailing, and but a useless formality, and he for that reason neglects to comply with such condition, it will be considered as equivalent to a waiver.

It is settled by a controlling weight of authority that an unqualified denial by the insurance company of all liability under the policy renders inoperative a provision therein for an arbitration as to the amount of the loss as a condition precedent to a right of action to recover such loss.

On motion for new trial by defendant.   An action to recover damages under an insurance policy issued by defendant upon a barn owned by plaintiff.   The general issue was pleaded, with brief state-ment alleging failure of plaintiff to comply with the statute relative to furnishing a proof of loss, and also for not requesting arbitration. The contention of the defendant was that the damage was caused

by wind and not by lightning. A verdict for plaintiff for $584.79 was rendered by the jury and defendant filed a general motion for a new trial. Motion overruled.

The case is fully stated in the opinion.

*J. S. Williams and W. B. Peirce,* for plaintiff.

*George E. Thompson and Ross St. Germain,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

PHILBROOK, J. This case is before us upon defendant's motion to set aside the verdict. The motion is based upon the usual grounds. The plaintiff owned a barn in the town of Dexter which was insured by the defendant under a contract known as the Standard Farm Policy Form. On the twenty-sixth day of June, 1923, during a thunderstorm, accompanied by a heavy wind, the building was partially destroyed. The insurance policy contains the following clause:

"This policy also covers direct loss or damage to the property insured, by lightning (meaning thereby the commonly accepted use of the term 'lightning', and in no case to include loss or damage by cyclone, tornado or windstorm) whether fire ensues or not."

In brief statement, as matter of defense, the defendant declares that the damage claimed by the plaintiff was not caused by fire originating from any cause covered by the policy, nor was it caused by lightning, or the results of lightning, nor did it arise from any cause rendering the defendant company liable under the policy. The plaintiff claimed that the damage was done by lightning which partly demolished the building. The defendant claimed that the damage resulted alone from the force of the violent wind. This was an issue of fact to be determined by the jury from all the evidence in the case, and from such inferences as might be properly and reasonably drawn therefrom. The determination was favorable to the plaintiff, and after a careful examination of the record testimony, and exhibits, we cannot say that the verdict was so clearly wrong that we should disturb it.

In further brief statement, the defendant relies upon two provisions in the policy, both being based upon statutory provisions, and are as follows:

"1.   Said policy provides that in case of loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be within a reasonable time rendered to the company setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which and the persons by whom the buildings insured, or containing the property insured, was used, and the time at which, and the manner in which the fire originated, so far as known to the insured.

"2.   In case of loss under this policy, and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing out of three persons to be named by the other, and the third party selected by the two so chosen; the award in writing  .  .  .  .  shall be a condition precedent to any right of action in law or equity to recover for such loss."

It is conceded that the written notice or proof of loss was not given, nor was there any arbitration, as to the amount of loss, by reason of the fact that the parties failed to agree upon such amount.

After several interviews between the plaintiff and W. A. Small, the agent who issued the insurance policy, the latter wrote the defendant company and received the following reply dated August 8, 1923:

"We are very sorry that we did not reply to your letter regarding the 'Jewett' loss sooner, but we had assumed from your letter that no reply was necessary—as our adjuster claims that the damage to the barn was done entirely by wind and not by lightning.   You can see in that case that we should not be called upon to make up any loss that Mr. Jewett may have suffered."

The plaintiff claims that by virtue of this letter the requirement of notice, or proof of loss, was waived by the defendant.   In *Biddeford Savings Bank* v. *Dwelling-house Insurance Co.*, 81 Maine, 566, decided in 1889, this court held that this requirement is for the sole benefit of the insurer; that it was then well settled that, whether imposed by contract or statute, it may be waived in part or in whole by the company for whose benefit it is imposed.   This rule has been consistently upheld by this court for nearly forty years and is still in full effect.

When there is no express waiver, it is for the jury to determine whether, from the acts relied upon and proved, the inference could

be properly drawn, either that there was an intention upon the part of the insurer to waive its right to have a proof of loss furnished by the insured, or that the denial of liability, for another cause, was of such a character or made under such circumstances as to reasonably induce a belief upon the part of the insured that the furnishing of a proof of loss would be a useless formality. That the question whether or not there has been a waiver, when it is a matter of inference, is one of fact for the determination of the jury, is generally, if not universally, held by the courts of this country. *Robinson* v. *Insurance Company*, 90 Maine, 385. In this case the denial of liability in the letter of August 8, 1923, was not for failure to furnish proof of loss, but for another cause, namely, that the loss was occasioned by wind, which was not within the terms of the policy. It has also been very generally held that if an insurance company denies its liability upon other grounds, and thereby causes the insured to believe that a compliance with the condition to furnish proofs of loss would be unavailing, and but a useless formality, and he for that reason neglects to comply with such condition, it will be considered as equivalent to a waiver. *Robinson* v. *Insurance Co.*, supra. In the absence of any exceptions we must assume that the jury was fully and correctly instructed as to the law covering proof of loss and, upon the evidence, in the light of those instructions, the jury found, as matter of fact, that waiver was established. That finding we do not reverse.

Upon the question of arbitration we need cite only *Oakes* v. *Insurance Company*, 112 Maine, 52, where it is declared to be settled by a controlling weight of authority that an unqualified denial by the insurance company of all liability under the policy renders inoperative a provision therein for an arbitration as to the amount of the loss as a condition precedent to a right of action to recover such loss.

*Motion overruled.*