ELMER G. BRYSON

*vs.*

AMERICAN EAGLE FIRE INSURANCE COMPANY.

Penobscot.      Opinion, October 16, 1933.

*Thompson & Ball*, for plaintiff.
*Frederick R. Dyer*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J. This is an action to recover on policies of fire insurance Nos. 5303 and 5304 issued December 2, 1931, by the American Eagle Fire Insurance Company to Elmer G. Bryson, who owned and operated a saw mill at Grindstone, Maine. The mill and contents, together with lumber piled outside, having been destroyed by fire on May 2, 1932, the plaintiff's claim for the loss was submitted to Referees and this suit is based on their award. The case is reported for final determination on so much of the evidence as is legally admissible.

Under Policy No. 5304, the Referees awarded the plaintiff $800, for the loss of his mill and the machinery and lumber in it, and the defendant admits its liability for that sum. The plaintiff is entitled to recover the amount of his claim under that policy.

Policy No. 5303, which was for $6,000 and insured the plaintiff against loss by fire of lumber piled outside the mill, contained a rider attached to and made a part of the policy and designated as the "Piled Lumber Clause," which was of the following tenor:

"In consideration of the reduced rate at which this Policy is written, it is expressly stipulated and made a condition of the contract that clear space of one hundred (100) feet shall be maintained between the lumber hereby insured and any standing wood, brush, steam railroad, steam or water power saw mill, planing mill, or refuse burner, and four hundred

(400) feet clear space shall be maintained between said lumber and any portable steam saw mill."

The Referees fixed the plaintiff's loss under this policy as $4,400 which, with interest from the date of the award, is the amount claimed here. The Insurance Company, in its brief statement, pleads a breach of the terms of the "Piled Lumber Clause" through the failure of the plaintiff to maintain a clear space of one hundred feet between the lumber insured and standing wood or brush. The plaintiff, although he read his policy and understood its conditions, admits that his lumber was then piled within one hundred feet of the standing wood and brush of adjacent woods and remained there until it was burned, but contends that the conditions of the "Piled Lumber Clause" were waived and that the Company is estopped from setting up a breach of the contract.

Policy No. 5303 was issued through the office of one Leroy W. Ames of Bangor, who was the duly appointed and licensed agent of the defendant Company. Application for the insurance was made by Edwin J. Osgood and Earl McDonald, both acting for the plaintiff and, according to the weight of the evidence, as his agents. Undoubtedly, these men both saw the lumber and had a general knowledge of its location, but it does not appear that they communicated the facts they had learned to the Agent or any other representative of the Company, or that it obtained knowledge thereof from any other source. We find no ground upon which the Insurer can be charged with knowledge of the plaintiff's breach of the conditions of the "Piled Lumber Clause" of his policy and, by reason thereof, be held to have waived compliance therewith. Waiver is the voluntary relinquishment of a known right. It can not be predicated on ignorance of that right. *Oakes* v. *Insurance Company*, 122 Me., 361, 120 A., 53; *Carleton* v. *Insurance Company*, 109 Me., 79, 82 A., 649; *Hanscom* v. *Insurance Company*, 90 Me., 333, 38 A., 324. In this connection, it may be properly noted that Osgood and McDonald viewed the piled lumber and conferred with the agent of the Company before the policy of insurance was executed, but had nothing whatever to do with the transaction thereafter. If it could be established that these men were agents of the Company, no express or implied agreement

growing out of their acts or representations, before or at the time the written contract was executed, could be allowed to vary the terms of the instrument. The parol evidence rule is applicable to insurance policies as well as all other written contracts. *Coombs* v. *Charter Oak Company*, 65 Me., 382.

The contention of counsel for the plaintiff that the defendant Insurance Company is estopped to defend upon the ground that the "Piled Lumber Clause" of Policy No. 5303 was violated is equally untenable. "The doctrine of estoppel rests upon an act that has misled one who, relying on it, has been put in a position where he will sustain a loss or injury. *Box Machine Makers* v. *Wirebounds Company*, 131 Me. 70, 78, 159 A., 496. The conditions of the Clause, written in express and unambiguous language, was that "a clear space of one hundred (100) feet shall be maintained between the lumber hereby insured and any standing wood, brush . . ." This provision remained unmodified and in full force when the fire occurred. The plaintiff admits, as already noted, that he read and understood the conditions imposed upon him, but fails to show that he was thereby misled to his loss or prejudice. Having, on this record, no right to rely on anything outside his Policy, his claim of estoppel has no support in law or fact.

The plaintiff's final contention that the defendant, by joining in the arbitration proceedings and the submission of the loss to Referees, waived its defense of a breach of the conditions of the policy can not be sustained. The Maine Standard policy was used as required by law. R. S., Chap. 60, Sec. 4. The arbitration clause in that policy simply provides a reasonable method of estimating and ascertaining the amount of the loss and leaves the general question of liability to be determined by the Courts. Only matters which relate to the amount of damages are in issue before the Referees, those going to the cause of action being immaterial and outside their jurisdiction. No waiver could arise from a failure on the part of the Company to raise the question of its liability before the Referees. *Dunton* v. *Insurance Company*, 104 Me., 372, 71 A., 1037 ; *Furniture Company* v. *Prussian National Insurance Company*, 112 Me., 557, with extended opinion in 91 Atlantic Reporter, 785.

The plaintiff claims interest from December 23, 1932, the date of his award under Policy No. 5304, to February 6, 1933. This he is entitled to recover and judgment should be entered accordingly.

*Judgment for the*
*plaintiff for $805.60.*