EDITH L. HARWOOD *vs.* UNITED STATES FIRE INSURANCE COMPANY.

Kennebec.      Opinion, July 29, 1939.

*McLean, Fogg & Southard*, for plaintiff.
*Berman & Berman* (Lewiston, Maine), for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, MANSER, JJ.

MANSER, J. This case comes up on exceptions by defendant to the acceptance of the report of a Referee. The finding was for the plaintiff in the sum of $805.20 with interest. The action is based on a fire insurance policy and arose by reason of a loss occasioned by fire which occurred in the forenoon of May 4, 1938. The plaintiff and her family were living in the insured premises. The policy coverage was $400.00 on the house, $100.00 on a shed, and $300.00 on household goods and effects. The fire entirely consumed the buildings and but a few articles of furniture were salvaged. Many defenses were alleged in the pleadings, but the issues before the Referee were narrowed to two contentions by the defendant:

1. Noncompliance with the policy provision as to arbitration of the amount of the loss.
2. Fraudulent overvaluation of the personal property in the plaintiff's proof of loss.

No arbitration as to damages sustained was undertaken, but the Referee ruled that the application of the principles of both waiver and estoppel operated against the defendant and in favor of the plaintiff on this issue.

The Referee further found that the defendant failed to establish fraudulent overvaluation of the personal property in the plaintiff's proof of loss.

It is only to rulings of law that exceptions can be taken as to findings of a Referee. There being no express waiver, the question as to waiver by conduct is one of fact. *Jewett* v. *Ins. Co.*, 125 Me., 234, 132 A., 523; *Robinson* v. *Ins. Co.*, 90 Me., 385, 38 A., 320; *Houlton Trust Co.* v. *Lumbert*, 136 Me., 184, 5 A., 2d 921. On questions of fact the findings of a Referee are upheld when supported by any credible evidence, *Wentworth* v. *Whitney*, 133 Me., 513, 174 A., 461; *Throumoulos* v. *Bank of Biddeford*, 132 Me., 232, 169 A., 307; *Bourisk* v. *Mohican Co.*, 133 Me., 207, 175 A., 345; *Poirier* v. *Shoe Co.*, 136 Me., 100, 3 A., 2d 116. The only issue therefore presented is whether under these rules the record justifies the findings. It does so abundantly. It demonstrates that the buildings were entirely destroyed, and that the loss by reason of such destruction was at least equal to the amount of insurance placed by the defendant thereon. Liability for loss of the buildings can not be denied unless it be by failure of arbitration to prove such admitted loss and the loss upon the personal property, or by forefeiture and avoidance of the entire policy by reason of fraudulent overvaluation of such personal property.

One H. A. Marston was the agent of the defendant company who effected the insurance. It is definitely shown that he came within the statutory provision of R. S., Chap. 60, Sec. 119, and must "be regarded as in the place of the company in all respects regarding any insurance effected by them." So far as the plaintiff was concerned, he was the Company and his knowledge was that of the Company. *Bradbury* v. *Ins. Co.*, 119 Me., 417, 111 A., 609. He told the plaintiff that he knew she had sustained a total loss and testified that at the time of the fire "while I was visiting the remains, I told them an adjuster would *adjust* the loss. When the adjustment was made, it would be necessary for them to wait forty-five days from the time of filing the proof of loss before the money would be paid." He also testified in substance that he knew the loss in each of the insured classifications was greater than the amount of insurance. No suggestion so far of any need of a determination by arbitrators as to the amount of the loss.

The agent, years before, had furnished the plaintiff with a book suitable for the purpose of keeping an inventory or schedule of the insured personal property, the time when bought and its cost

price. At his suggestion, the items of chattels were entered in the book with the additions made from time to time. This book was taken to him and forwarded to the company's adjuster. The plaintiff, having been informed that the "adjuster would adjust the loss" that impression was undoubtedly deepened by a letter from the adjuster notifying the plaintiff of the requirement of a formal proof of loss "in order that I may be able to *appraise* the value of the various articles at the time of the fire." Such proof was made with the assistance of the agent and his clerk, and forwarded to the adjuster, from whom no reply was received. The policy, in compliance with the standard provisions required by statute, provided that upon the *failure of the parties to agree* as to the amount of loss, such amount should be determined by arbitrators.

Never, thereafter, before this action was commenced, was the plaintiff informed by the adjuster, the agent or from the company's office, that there was disagreement as to the amount of the loss. Instead, the agent wrote to the plaintiff's attorney, "It was my understanding that this claim was to be paid 45 days from the date of filing of the proof, which would have made the payment due October 14th." Then on October 24, 1938 the agent wrote the plaintiff, "It would appear in order for you to collect this claim you will have to take action against the Company."

With no intimation that the proof of loss was challenged as to values, with no information given to the plaintiff that there was disagreement as to the amount of the loss, with the acknowledgment of the agent that the loss exceeded the insurance coverage, the Referee was amply justified in his conclusion the requirement of the policy for arbitration as to amount could not be interposed, and that "the law will not require the useless and expensive formality of an arbitration, when the insurer, for whose benefit it was provided, has rendered it superfluous." *Oakes* v. *Ins. Co.*, 112 Me., 52, 90 A., 707, 708.

In such a situation the announcement to the plaintiff by the agent that "in order for you to collect this claim you will have to take action against the Company" must be fairly construed as the Company's denial of liability, notwithstanding an admitted loss in excess of insurance coverage. This constitutes a clear waiver of the arbitration provision and it is unnecessary to determine whether

the acts and statements of the agent and adjuster created an estoppel within the technical meaning of the term, that the plaintiff was not thereby misled to her loss or injury (a proposition stressed by the defendant), citing *Bryson* v. *Ins. Co.*, 132 Me., 172, 168 A., 719.

The issue of fraudulent overvaluation of personal property was open to the defendant. The governing rules are well established, as appears from the following citations:

"Mistaken and honest overvaluation is not, but intentional and fraudulent overvaluation is fatal to recovery." *Archibald* v. *Fire Ins. Co.*, 117 Me., 205, 103 A., 162.

"Fraud and false swearing imply something more than some mistake of fact, or honest misstatements on the part of the assured. They consist in knowingly and intentionally stating upon oath what is not true, or the statement of a fact as true which the party does not know to be true, and which he has no reasonable ground for believing to be true." *Atherton* v. *Ins. Co.*, 91 Me., 289, 39 A., 1006.

"Replacement value alone is not sufficient evidence of false swearing." *Austin* v. *Ins. Co.*, 126 Me., 478, 139 A., 681, 683.

"To avoid the policies it must be shown that the statements in the proofs of loss were knowingly and intentionally untrue." *Cole* v. *Ins. Co.*, 113 Me., 512, 95 A., 217.

Basing decision on these authorities, the defendant fails to sustain contention. The evidence negatives fraud instead of proving it. Plainly, the plaintiff erroneously assumed, as do many who undertake to protect themselves from loss by fire, that the cost or replacement value was the criterion of such loss. No false statements as to cost are asserted. Nothing was concealed. Full information was given. There is no claim that property not destroyed was included. The total of the values given was approximately three times the amount of the insurance. It was evidently an honest mistake on the part of the plaintiff as to the correct basis for computing insurance values, and the Referee was right in his finding that no forfeiture was created.

The entry will be                    *Exceptions overruled.*